STARK.
March, 1818.          PRICE vs. ECKLES.

Price
 v.          Evidence need not be given of facts agreed by the parties.  Plaintiff gave
Eckles.          parole evidence of a suit before a justice, without producing a tran-
          script—held that he could not object to the same kind of evidence on the part of the
          defendant.  The plea averred that plaintiff was "sworn on the holy gospels of God"—
          held that the words " on the holy gospels of God " might be rejected as surplusage.

ACTION ON THE CASE FOR WORDS—PLEAS, NOT GUILTY AND
JUSTIFICATION.

GOODENOW & WRIGHT for plaintiff—HARRIS & BLODGET for
defendant.

The declaration stated that a certain justice court had been holden
before Balzer Coontz, Esq. a justice of the peace, in which a suit was
tried between A. B. plaintiff and C. D. defendant; that the plaintiff
here was sworn and examined as a witness in the cause, and that in
a conversation of and concerning such trial and such testimony, the
words were uttered and published, importing a charge of perjury.

The defendant's second plea set forth a trial between the same par-
ties before the same magistrate, but at a different time; and also
agreed with the declaration, in stating that the plaintiff was sworn as
a witness and examined on such trial; it there charged that the plain-
tiff, in so testifying, committed wilful and corrupt perjury.

On the trial the plaintiff gave parole evidence without objection of
the suit before the justice, and offered no transcript in evidence.  The
defendant, in support of his justification, called B. Coontz, Esq. and
asked him to relate the circumstances as they occurred on the trial
before him.

The counsel for the plaintiff objected to parole evidence of the fact
of a trial having taken place before the justice being given, and con-
tended that that fact was a matter of record and was proveable only
by the record.

It was replied, that the declaration set forth the same trial as did
the plea in every particular, & that the plaintiff had, without objec-
tion, given parole evidence of it; &, by so doing, had waived his right
to object.

PRESIDENT.—It is unnecessary to prove what is agreed between the
parties; it is averred on the record, by both parties to this suit, that a
certain trial was had before justice Coontz.  In every circumstance

but one, the time of the trial, they agree. So far
then, as they have agreed, no evidence need be given;
there might, however, have been two trials and it would
seem, from the difference as to time, that there had
been; if so, the declaration and plea cannot be considered as
agreeing to one fact. The defendant's counsel claim a right to intro-
duce this evidence on another ground, which is that the plaintiff by
giving parol evidence of the same kind, has waived and precluded
himself from objecting to this. Certainly consent of parties may
render that admissible evidence, which, without such consent, would
not be. Parties to a suit and persons otherwise interested, are made
competent witnesses by consent, in the same way evidence which pre-
supposes better behind, and in the power of the party producing it,
becomes unexceptionable. The production of evidence to the court
and jury by one party, without objection from the other, is uniformly
taken as proof of mutual consent to its admission; and while this is
confined to evidence which is relevant to the issue, it is not the duty
of the court to interfere; evidence so admitted, gives a right to the
opposite party of rebuttal; and I incline to think, that it gives the
right of proving similar facts by the like evidence, and that, in fair
construction, it should be considered that, in that particular case, such
evidence was competent and proper; for where one party had had an
advantage, from an agreement of that kind, the other seems entitled
to an equal advantage. (Harris informed the court that both the
declaration and plea related to the same trial.)

The witness was examined, and stated that there was but one
trial between those parties; and that the trial before him was in
the spring, 1817; in the plea, it was averred to be 1st Jan. 1817.

The counsel for the plaintiff objected to the evidence, on account
of the variance.

PRESIDENT—It is argued that the averment in the plea, that the
court was holden on the 1st Jan. 1817, by the rules of evidence, is
proveable only by the record; and that when any date is averred, the
proof of which rests in written evidence, the proof must agree with
the allegation, or it is not to be admitted. However correct this posi-
tion may be, it does not apply here; for it is agreed that there was a
certain suit tried by and before the witness, in which the plaintiff in
this action was sworn and examined. It is in evidence, that there was
but one suit between those parties; it is, then, wholly immaterial when
it was. The time when, is a fact not necessary to be proven. Objec-
tion overruled.

STARK.
March, 1818.

Price
v.
Eckles.

STARK.          The plea averred, that the plaintiff was "sworn on the
March, 1818.   holy Gospels of God," and the plaintiff's counsel contended
Barrett        that the def't. should be held to prove that he was sworn in
v.             that mode.
Jarvis.

PRESIDENT—The words "on the holy gospels of God" in this plea, may be rejected as surplusage, and therefore need not be proven; it is wholly unnecessary and useless, to state the manner of swearing.

Verdict for plaintiff, damages $5.